UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * * | |
| Plaintiff | * * | CIVIL ACTION NO. |
| v. | * * * | |
| | * | **JURY TRIAL DEMANDED** |
| JACKSON COUNTY HEALTH DISTRICT d/b/a JACKSON MEDICAL CLINIC OF EDNA | * * * | |
| Defendant | * * | |

## ORIGINAL COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Sandra Macha ("Macha"), Mary Baker ("Baker"), and employees age forty (40) and older, as a class, who were subjected to unlawful employment practices on the basis of age. As is set forth in more detail below, the Defendant Jackson County Health District d/b/a Jackson Medical Clinic of Edna unlawfully subjected Ms. Macha, Ms. Baker, and employees age forty (40) and older, as a class, to

- 1 -

discriminatory discipline. Defendant then unlawfully terminated Macha and Baker and forced a class member to resign based on discriminatory discipline because of their age in violation of the ADEA.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The employment practices alleged to be unlawful were committed within the jurisdiction of this Court.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.

Defendant Jackson County Health District is an instrumentality of the State of Texas. Defendant Jackson County Health District has continuously been doing business in the State of Texas and the County of Brazoria and has continuously had at least 20 employees. At all relevant times, Defendant Jackson County Health District has owned and operated the Jackson Medical Clinic of Edna (hereinafter referred to collectively as the "Defendant").

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

6.

More than thirty (30) days prior to the institution of this lawsuit, Sandra Macha and Mary Baker, each filed a charge with the Commission alleging violations of the ADEA by Defendant. In addition, more than thirty (30) days prior to the institution of this lawsuit, the EEOC issued an ADEA Directed investigation against the Defendant alleging the Defendant was engaging in class-wide age discrimination. All conditions precedent to the institution of this lawsuit have been fulfilled.

**CONCILIATION**

7.

Prior to institution of this lawsuit, the Commission's representatives attempted in good faith to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

8.

a. Since at least August 2005, Defendant has engaged in class-wide age discrimination at its Jackson Medical Clinic of Edna, Texas, by removing or causing the removal of several employees because of their age forty or older, and replacing them with younger workers.

b. Donna Coleman, Defendant's Edna Clinic Administrative Director, disciplined older workers, age forty or older, for actions where younger employees received no discipline as a means to either support a record for the discriminatory removals or to force the resignation of employees, age forty or older.

c. Prior to Donna Coleman's arrival in 2005, Ms. Macha, Ms. Baker and a class member received satisfactory evaluations and pay increases. Within six months after Ms. Coleman's hire, Ms. Macha, Ms. Baker and a class member were repeatedly disciplined for alleged violations where younger employees exhibiting the same or similar behavior were not disciplined.

d. The unwarranted disparate disciplinary actions resulted in the discharge of Ms. Macha and Ms. Baker, who had never received prior discipline and the forced resignation of a class member.

e. Ms. Macha and Ms. Baker and other workers over age forty, as a class, were subjected to adverse terms and conditions of employment and/or removed and replaced by younger employees because of their age.

f. At all times relevant, Ms. Macha, Ms. Baker and the class members were over forty years of age.

9.

The actions by Defendant complained of herein violated Section 4 of the ADEA, 29 U.S.C. § 623(a) and § 623(d).

10.

The effect of the practices complained of herein has been to deprive Ms. Macha, Ms. Baker, and the class members of equal employment opportunities by subjecting them to disparate discipline and termination or forced resignation because of their age.

11.

The unlawful actions of the Defendant complained of herein were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating in the ways described herein against older employees, and from engaging in any employment practice which discriminates on the basis of age against persons forty years of age and older.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals age forty years and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ms. Macha, Ms. Baker, and the affected class members by providing appropriate back wages in amounts to be determined at trial, and equal sums as liquidated damages, or pre-judgment interest in lieu thereof to Ms. Macha, Ms. Baker, and the affected class members..

D.     Order Defendant to make whole Ms. Macha, Ms. Baker, and the affected class members by providing other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of Ms. Macha, or an award of front pay if reinstatement is impractical.

E.     Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**RONALD COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**JAMES SACHER**
Regional Attorney

*/s/ Rudy L. Sustaita*
**RUDY L SUSTAITA**
Attorney-in-Charge
Texas Bar No. 19523560
Federal ID No. 11850
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
**Houston District Office**
1919 Smith Street, 7th Floor
Houston, Texas 77002
Tel: (713) 209-3400
Fax: (713) 209-3402